PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DENNIS D. COLES, ) | |
| ) | CASE NO. 4:17CV0086 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| MARK WILLIAMS, Warden,[1] ) | |
| ) | **MEMORANDUM OF OPINION** |
| Respondent. ) | **AND ORDER** |

Pending is Petitioner's Amended Motion for Relief Under 28 U.S.C. § 2241 (ECF No. 11). Petitioner is currently confined in FCI Elkton in Lisbon, Ohio, which is located within the Northern District of Ohio. He asserts that based on the application of *Descamps v. United States*, 570 U.S. 254 (2013) (discussing categorical and modified categorical approaches to analyze (respectively) indivisible and divisible statutes), he does not qualify as an armed career criminal under 18 U.S.C. § 924(e) and that his sentence must be vacated and the case set for de novo sentencing without application of the enhancement. ECF No. 11 at PageID #: 45. The Court has been advised, having reviewed the record, the parties' briefs, and the applicable law.

---

[1] S. Merlak was the original Respondent. He was sued in an official capacity as a public officer. He retired on August 31, 2018. Mark Williams subsequently became the Warden at FCI Elkton. Pursuant to Fed. R. Civ. P. 25(d), Williams's name has been automatically substituted as a party.

(4:17CV0086)

## I. Background

Petitioner Dennis D. Coles is a prolific litigant. He was convicted, after a 2002 jury trial, in the United States District Court for the Central District of Illinois of one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). Ordinarily, such a conviction warrants a sentence of no more than 10 years. 18 U.S.C. § 924(a)(2). But if the defendant has three or more prior convictions for "serious drug offenses" or "violent felonies," the Armed Career Criminal Act ("ACCA") mandates a minimum sentence of imprisonment for 15 years or more. 18 U.S.C. § 924(e)(1). On February 14, 2003, Petitioner was sentenced as an armed career criminal to a prison term of 293 months. The offense involved 12 firearms. Petitioner was found to be an organizer, leader or manager because he directed his girlfriend to obtain the firearms. He was also found to have testified falsely both at the hearing on his motion to suppress and at trial, resulting in an adjustment for obstruction of justice. He received an enhanced sentence under the ACCA because of three prior convictions for violent- or drug offenses (two for delivery of cocaine and one for armed robbery). *United States v. Coles*, No. 2:00-cr-20051-MPM (C.D. Ill. filed Sept. 8, 2000).

On appeal, his appointed appellate attorney sought to withdraw under *Anders v. California*, 386 U.S. 738 (1967) because he was unable to find a nonfrivolous issue for appeal. On May 3, 2004, the United States Court of Appeals for the Seventh Circuit granted counsel's motion to withdraw and dismissed the appeal. *United States v. Coles*, 97 Fed.Appx. 665 (7th Cir. 2004). Petitioner filed a *pro se* petition for rehearing (and rehearing en banc). The request

(4:17CV0086)

for a rehearing was still pending when the United States Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), in January 2005. The Seventh Circuit retained jurisdiction and entered a limited remand to the district court for the district judge to consider whether he "would (if required to resentence) reimpose his original sentence" in light of the now-advisory nature of the sentencing guidelines. *United States v. Coles*, No. 03-1451 (7th Cir. May 19, 2005) (ECF No. 169 in No. 2:00-cr-20051-MPM). On August 8, 2005, Chief United States District Judge Michael P. McCuskey reconsidered Petitioner's sentence because of *Booker* and entered a decision not to resentence. The district judge placed on the record his rationale, apart from the sentencing guidelines, supporting his decision to sentence Petitioner as a career criminal and declined to change the sentence as originally imposed. He concluded that, "based upon Petitioner's criminal history and the nature of the offense, had this court known that the guidelines were advisory, it would have imposed the same sentence." ECF No. 186 in No. 2:00-cr-20051-MPM. In November 2005, the Seventh Circuit affirmed Petitioner's sentence as reasonable and denied the petition for rehearing (and rehearing en banc). *United States v. Coles*, 153 Fed.Appx. 397 (7th Cir. 2005). The Supreme Court denied Petitioner's Petition for a Writ of Certiorari. *Coles v. United States*, 547 U.S. 1122 (2006) (Mem.).

Petitioner filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate and Set Aside Sentence. *Coles v. United States*, No. 2:07-cv-02098-MPM-DGB (C.D. Ill. filed May 4, 2007). The motion was denied by Chief Judge McCuskey on June 19, 2008. ECF No. 16 in No. 2:07-cv-02098-MPM-DGB. The court also denied *via* text order subsequent motions for recusal and reconsideration filed by Petitioner. The Seventh Circuit denied Petitioner's request for a

3

(4:17CV0086)

certificate of appealability. *Coles v. United States*, No. 08-3187 (7th Cir. Dec. 15, 2008) (ECF No. 43 in No. 2:07-cv-02098-MPM-DGB). The Seventh Circuit also denied Petitioner's motions for rehearing and for rehearing en banc. *Coles v. United States*, No. 08-3187 (7th Cir. March 5, 2009) (ECF No. 44 in No. 2:07-cv-02098-MPM-DGB).

Petitioner's subsequent *pro se* Motions for Order for Relief from Judgment Pursuant to Rule 60(b)(6) and to Alter or Amend Judgment Pursuant to Rule 59(e) or, in the Alternative, to Waive Fees and Issue a Certificate of Appealability to Proceed to the Seventh Circuit Court of Appeals were denied. Opinion and Order (ECF Nos. 48 and 50 in No. 2:07-cv-02098-MPM-DGB). Petitioner also filed a separate *pro se* Motion to Amend Motion for Order for Relief from Judgment Pursuant to Rule 60(b)(6). In that motion Coles stated that he had "recently learned that he is 'actually innocent' of the sentencing enhancement imposed i.e., 18 U.S.C. § 924(e); Armed Career Criminal Act." He contended that the sentencing court failed to analyze his prior convictions under the "categorical approach" described in *Taylor v. United States*, 495 U.S. 575 (1990) and *Shepard v. United States*, 544 U.S. 13 (2005). He further argued that the "actual innocence" exception to the bar against defaulted or successive habeas petitions extends to sentencing enhancements such as his status as an armed career criminal. ECF No. 47 in No. 2:07-cv-02098-MPM-DGB. Chief Judge McCuskey construed this motion as a successive § 2255 motion for which Petitioner had not obtained approval from the Court of Appeals to file, and dismissed it for lack of jurisdiction. ECF No. 48 in No. 2:07-cv-02098-MPM-DGB. The Seventh Circuit denied Petitioner's implied request for a certificate of appealability. *Coles v. United States*, No. 10-1175 (7th Cir. March 23, 2010).

4

(4:17CV0086)

When Petitioner was confined in the Federal Correctional Institution in Cumberland, Maryland, he filed a *pro se* Motion to Correct Sentence Pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Maryland. *Coles v. United States*, No. 1:12-cv-00528-RDB (D.Md. filed Feb. 17, 2012). On February 24, 2012, the Petition for Writ of Habeas Corpus, construed as a Motion to Vacate pursuant to 28 U.S.C. § 2255, was dismissed without prejudice for lack of jurisdiction and a Certificate of Appealability was denied. Memorandum Opinion and Order (ECF Nos. 2 and 3 in No. 1:12-cv-00528-RDB). Thereafter, the district court denied Petitioner's *pro se* Motions for Reconsideration and to Alter or Amend. Orders (ECF Nos. 5 and 7 in No. 1:12-cv-00528-RDB).

Petitioner filed a *pro se* Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255(f)(3) in the Illinois court. *Coles v. United States*, No. 2:12-cv-02219-MPM-DGB (C.D. Ill. filed Aug. 22, 2012). The Government filed a Motion to Dismiss, which was granted by Judge McCuskey on November 16, 2012. Petitioner's motion was also dismissed for lack of jurisdiction. ECF No. 8 in No. 2:12-cv-02219-MPM-DGB.

Petitioner filed a *pro se* Petition for Extraordinary Writ seeking a writ of mandamus against Judge McCuskey in which he again contested the use at sentencing of one of his prior drug felonies as a predicate offense. *In Re: Dennis Coles*, No. 13-2010 (7th Cir. filed May 10, 2013). The Court of Appeals denied the Petition as an unauthorized attempt to file a successive habeas petition without permission. *In Re: Dennis Coles*, No. 13-2010 (7th Cir. May 28, 2013); ECF No. 197 in No. 2:00-cr-20051-MPM. The Seventh Circuit denied Petitioner's petition for rehearing. *In Re: Dennis Coles*, No. 13-2010 (7th Cir. June 13, 2013).

5

(4:17CV0086)

On August 6, 2013, Petitioner filed a *pro se* Petition for Relief in Light of and Under *McQuiggin v. Perkins*, 569 U.S. 383 (2013) and *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013) Regarding Actual Innocence in which he argued that his armed career criminal enhancement was invalid in light of *Descamps*. ECF No. 199 in No. 2:00-cr-20051-MPM. He argued that his prior convictions do not count as predicate offenses and that the district court at sentencing erred in coming to the opposite conclusion. Judge McCuskey noted that Coles did not argue that he is actually innocent of his conviction for possessing a firearm but reasserted his actual innocence claim regarding his designation as an armed career criminal. The Petition was dismissed for lack of jurisdiction the next day because it could only be considered a Motion under 28 U.S.C. § 2255. The court declined to issue a certificate of appealability. ECF No. 200 in No. 2:00-cr-20051-MPM. The Seventh Circuit denied Petitioner's request for a certificate of appealability. *Coles v. United States*, No. 13-2821 (7th Cir. Jan. 28, 2014).

Petitioner filed a *pro se* Application for Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255(h)(1). *Coles v. United States*, No. 14-2359 (7th Cir. filed June 23, 2014). On July 11, 2014, the Seventh Circuit dismissed the Application and sanctioned Petitioner for persisting in filing frivolous attacks on his sentence.[2]

---

[2] Petitioner filed a *pro se* Motion Under 28 U.S.C. § 2244 for Order Authorizing District Court to Consider Second or Successive Application for Relief Under 28 U.S.C. § 2255. *Coles v. United States*, No. 15-3717 (7th Cir. filed Dec. 7, 2015). On December 31, 2015, the Court of Appeals dismissed the Application while noting Petitioner had not paid the $500 fine imposed in Case No. 14-2359. The court subsequently denied

(continued...)

6

(4:17CV0086)

> Coles is fined $500. Until he pays the sum in full to the clerk of this court, he is barred from filing further civil suits in the courts of this circuit, and any papers he submits attacking his current criminal judgment, including future collateral attacks, shall be returned unfiled and any applications for leave to file collateral attacks will be deemed denied on the 30th day unless the court orders otherwise. *See Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997); *Support Sys. Int'l v. Mack*, 45 F.3d 185 (7th Cir. 1995).

Petitioner paid the $500 fine on March 3, 2016. Thereafter, the Court of Appeals lifted the filing restriction.

In September 2014, Petitioner filed a second *pro se* Motion to Correct Sentence Pursuant to 28 U.S.C. § 2241 in the Maryland court. In that motion, Petitioner argued that, in light of *Descamps*, his 1992 Michigan drug conviction does not meet the definition of a "serious drug offense" under the ACCA. *Coles v. United States*, No. 1:14-cv-02927-RDB (D.Md. filed Sept. 15, 2014). On September 22, 2014, the motion was transferred to the United States District Court for the Central District of Illinois. *Coles v. United States*, No. 2:14-cv-02242-SEM (C.D. Ill. filed Oct. 3, 2014). The Maryland court concluded that the motion was not properly filed under § 2241 and was more properly considered a motion filed pursuant to 28 U.S.C. § 2255. Order (ECF No. 2 in No. 1:14-cv-02927-RDB). In October 2014, United States District Judge Sue E. Myerscough[3] agreed with the Maryland court that the motion was not properly filed as a § 2241 motion and must be construed as a motion brought pursuant to § 2255. The motion was

---

[2](...continued)
Petitioner's Motion to Reconsider.

[3] Judge McCuskey retired from the court in May 2014. *See Coles v. United States*, No. 14-2242, 2014 WL 5293229, at *1 n.1 (C.D. Ill. Oct. 16, 2014).

7

(4:17CV0086)

dismissed as a successive § 2255 motion for which Petitioner had not obtained approval to file from the Court of Appeals. The court declined to issue a certificate of appealability. *Coles*, 2014 WL 5293229, at *5-6. Petitioner's subsequent *pro se* post-judgment motions that sought to clarify or correct the record (ECF Nos. 5, 6, 10, and 11 in No. 2:14-cv-02242-SEM) were either stricken, dismissed or denied via text order. Petitioner filed a Notice of Appeal. Thereafter, the Illinois court denied Petitioner's *pro se* Motion for Permission to Appeal *In Forma Pauperis*.

The Supreme Court decided *Mathis v. United States*, 136 S. Ct. 2243 (2016) on June 23, 2016. *Mathis* explained that a statute is "divisible," hence permitting reference to *Shepard* materials, only if it establishes several different crimes by defining alternative elements; a statute which merely sets forth different ways to commit a single crime is not divisible. *Id.* at 2248-50 (citing *Richardson v. United States*, 526 U.S. 813, 817 (1999)). In December 2016, however, Petitioner filed a *pro se* Motion to Withdraw Federal Prisoner's 2255 Case docketed [in the Court of Appeals] on April 26, 2016. In response, the Seventh Circuit entered an Order that provides: "To the extent that the appellant would like to voluntarily dismiss this appeal, he should file an appropriate motion in accordance with Federal Rule of Appellate Procedure 42(b) that clearly makes such a request." *Coles v. United States*, No. 16-1922 (7th Cir. Dec. 21, 2016). Thereafter, the Court of Appeals dismissed the case on Petitioner's Motion for Voluntary Dismissal Pursuant to Rule 42(b). *Coles v. United States*, No. 16-1922 (7th Cir. Jan. 4, 2017).

Rather than continue in his attempt to obtain approval from the Seventh Circuit to file a successive § 2255 motion, Petitioner filed a third *pro se* Motion to Correct Sentence Pursuant to

8

(4:17CV0086)

28 U.S.C. § 2241 (ECF No. 1) in the above-entitled case on January 12, 2017.[4] Petitioner subsequently filed a *pro se* Emergency Motion to Release on Recognizance Pursuant to 18 U.S.C. § 3145(b) Pending a Resolution of the Merits of the 28 U.S.C. § 2241(c)(3) Process (ECF No. 3). The Emergency Motion was denied on March 14, 2017. *See* Order (ECF No. 8).[5] Given the Court's conclusion after an initial screening pursuant to 28 U.S.C. § 2243 that this *pro se* Motion to Correct Sentence Pursuant to 28 U.S.C. § 2241 was not subject to summary dismissal on its face, the Court *sua sponte* appointed the Federal Public Defender to represent Petitioner. *See* Non-document Order dated February 27, 2017. An Amended Motion for Relief Under 28 U.S.C. § 2241 (ECF No. 11) was filed on April 20, 2017 in which Petitioner argues that he is entitled to habeas relief from this Court because his case satisfies the three-prong test articulated by *Hill v. Masters*, 836 F.3d 591, 595 (2016).

## II. Law and Analysis

Petitioner moves this Court to vacate the sentence imposed in the Illinois court and for a remand to the Illinois court for resentencing *de novo* without application of the ACCA enhancement. Brief in Response (ECF No. 18) at PageID #: 80; Reply to Government's Supplemental Response (ECF No. 27) at PageID #: 119. Petitioner's sentence in the case at bar

---

[4] A § 2241 petition must be filed in the district of confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.") (citations omitted).

[5] A subsequent Motion for Recognizance Bond Pending Habeas (ECF No. 19) was also denied. *See* Order (ECF No. 23).

9

(4:17CV0086)

has been reviewed by judges in the Central District of Illinois and Court of Appeals for the Seventh Circuit, all of whom have previously found that Petitioner's sentence is valid.

Petitioner argues he has demonstrated in the Amended Motion for Relief Under 28 U.S.C. § 2241 (ECF No. 11) that he does not qualify as an armed career criminal and should be resentenced without the enhancement. He challenges his status as an armed career criminal and contends that neither his 1992 Michigan nor his 1995 Illinois conviction for drug trafficking meet the statutory definition of "serious drug offense" in 18 U.S.C. § 924(e)(2)(a). ECF No. 11 at PageID #: 50-53. Petitioner maintains that he is entitled to relief because *Descamps* and *Mathis* result in an intervening change in the law that undermines his qualification for the ACCA's enhancement, but did not satisfy § 2255's requirements for a new rule of constitutional law. According to Petitioner, he could not file a § 2255 habeas petition following the Supreme Court's decision in *Descamps*.[6] ECF No. 11 at PageID #: 46-48; ECF No. 18 at PageID #: 79.

Federal prisoners may obtain habeas corpus relief pursuant to § 2241 only under limited circumstances. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (ordinarily, a federal prisoner may collaterally attack the validity of his conviction or sentence only under § 2255). When a prisoner cannot meet the § 2255(h) second or successive petition requirements, and the prisoner shows that § 2255 remedies are "inadequate or ineffective to test the legality of

---

[6] The question of whether he could have made such a filing was pending in the Seventh Circuit when Petitioner filed a Motion for Voluntary Dismissal Pursuant to Rule 42(b) on January 3, 2017 in *Coles v. United States*, No. 16-1922 (7th Cir. filed April 26, 2016).

10

(4:17CV0086)

his detention," the prisoner can challenge his sentence under § 2241 via the § 2255(e) savings clause:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

> Construing this language, courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentences shall be filed in the sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam) (citations omitted). Habeas relief under § 2241, therefore, is not available unless relief under § 2255 is inadequate or ineffective. Coles carries the burden of demonstrating that the savings clause applies. *Id.* at 756. To obtain relief under the savings clause, the prisoner must not only be barred from proceeding under § 2255, but must also be determined to be "actually innocent." *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012). The Government argues that Petitioner has failed to establish that § 2255 is an inadequate remedy. ECF No. 15 at PageID #: 65-66; 68; ECF No. 26 at PageID #: 114-15.

In *Hill*, the Sixth Circuit Court of Appeals recognized narrow circumstances in which the § 2255 remedy is "inadequate or ineffective" for challenging a sentence enhancement and

11

(4:17CV0086)

recognized some circumstances under which petitioners may challenge an enhancement under § 2241, when the petitioner can satisfy three conditions: "When seeking to petition under § 2241 based on a misapplied sentence, the petitioner must show (1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." 836 F.3d at 595.

To qualify to challenge the enhancement of his federal sentence in a § 2241 petition, the petitioner must:

> (1) have been sentenced under a mandatory guidelines regime before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005) rendered the Sentencing Guidelines merely advisory; (2) point to a Supreme Court decision - issued after the petitioner's sentence became final and which is retroactively applicable to cases on collateral review - which establishes that as a matter of statutory interpretation one or more of his prior convictions were not for offenses that could properly be used to enhance his federal sentence; and (3) establish that the new decision could not have been invoked in an initial or successive § 2255 motion.

*Farkas v. Kizziah*, No. 7:18-43-KKC, 2019 WL 3207794, at *2 (E.D. Ky. July 16, 2019) (citing *Hill*, 836 F.3d at 599-600). The Government argues that Coles does not satisfy *Hill*'s first requirement because the sentence that he now is challenging is a post-*Booker* sentence. ECF No. 26 at PageID #: 117. In August 2005, Chief Judge McCuskey reconsidered Petitioner's sentence because of *Booker* and entered a decision not to resentence. The district judge placed on the record his rationale, apart from the sentencing guidelines, supporting his decision to sentence Petitioner as an armed career criminal and declined to change the sentence as originally imposed. He concluded that, "based upon [Petitioner]'s criminal history and the nature of the offense, had

12

(4:17CV0086)

this court known that the guidelines were advisory, it would have imposed the same sentence." ECF No. 186 in No. 2:00-cr-20051-MPM. Therefore, Petitioner's claim is not cognizable under § 2241 because he was not sentenced under the mandatory guidelines regime that existed before *Booker*. *But see* Neuman v. United States, No. 17-6100, 2018 WL 4520483, at *2 n. 1 (6th Cir.) ("It is not clear whether this even narrower language was intended to add an additional element to the comparatively broader three-part substantive showing that a petitioner must make in order to challenge a sentencing error in a § 2241 petition under the savings clause, *see* [*Hill*, 836 F.3d] at 595, or merely a statement of the specific circumstances before the court in *Hill*."), *cert. denied*, 139 S. Ct. 443 (2018).

As to *Hill*'s second requirement - in Muir v. Quintana, No. 17-6050, 2018 WL 4276133, at *2 (6th Cir. April 26, 2018), the Sixth Circuit concluded that "*Descamps* and *Mathis* apply retroactively" on both direct and collateral review when considering whether a petitioner met the *Hill* requirements to bring a § 2241 sentence-enhancement challenge, because *Descamps* and *Mathis*'s holdings were "old rules" under Whorton v. Bockting, 549 U.S. 406, 416 (2007); *see also* Sutton v. Quintana, No. 16-6534, 2017 WL 4677548, at *2 (6th Cir. July 12, 2017) (same, but only addressing *Mathis*); Perez v. United States, 730 Fed.Appx. 804, 807 (11th Cir. 2018) ("*Descamps* and *Mathis* . . . are retroactively applicable on collateral review."). Therefore, Coles does satisfy *Hill*'s second requirement.

As to *Hill*'s third requirement - Petitioner invoked *Descamps* in August 2013, when he filed a *pro se* Petition for Relief in Light of and Under McQuiggin v. Perkins, 569 U.S. 383 (2013) and Brown v. Caraway, 719 F.3d 583 (7th Cir. 2013) Regarding Actual Innocence. He

13

(4:17CV0086)

argued the district court committed error by failing to analyze Petitioner's prior convictions under the "modified categorical approach" required in *Descamps* when the prior conviction was for violating a divisible statute. ECF No. 199 in No. 2:00-cr-20051-MPM. Therefore, *Descamps* was invoked in a successive § 2255 motion. In addition, the Seventh Circuit denied Petitioner's request for a certificate of appealability. *Coles v. United States*, No. 13-2821 (7th Cir. Jan. 28, 2014).

Petitioner also invoked *Descamps* in September 2014 when he filed a second *pro se* Motion to Correct Sentence Pursuant to 28 U.S.C. § 2241 in the Maryland court. In that motion, Petitioner argued that, in light of *Descamps*, his 1992 Michigan drug conviction does not meet the definition of a "serious drug offense" under the ACCA. *Coles v. United States*, No. 1:14-cv-02927-RDB (D.Md. filed Sept. 15, 2014).

The "errors" alleged in the within Amended Motion for Relief Under 28 U.S.C. § 2241 (ECF No. 11) are the same ones that he contested in August 2013 and September 2014 before the sentencing court. That he has added new citations for his actual innocence claim is of no moment; the argument is not new. Under the doctrine of claim preclusion, a final judgment on the merits bars any and all claims by the parties based on the same cause of action, as to every matter actually litigated, and as to every ground of recovery that could have been presented. *See Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir.1994); *see also Murillo v. Walton*, No. 12-13705, 2012 WL 5379158, at *4 (E.D. Mich. Oct. 31, 2012) (citing *Lanthron v. United States*, 3 Fed.Appx. 490, 491 (6th Cir. 2001) and *Smith v. Reno*, 3 Fed.Appx. 403 (6th Cir. 2001).

14

(4:17CV0086)

### III. Conclusion

For the foregoing reasons, the petition is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

| | |
|---|---|
|   August 19, 2019 |   */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |